# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

| | |
|---|---|
| FRANCISCAN ALLIANCE, INC., *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>THOMAS PRICE, M.D., Secretary of the United States Department of Health and Human Services, *et al.*,<br><br>*Defendants*. | No. 17-10135 |

**PROPOSED INTERVENORS' RESPONSE TO PLAINTIFFS' MOTION TO DISMISS**

**INTRODUCTION**

Plaintiffs have railroaded through a nationwide preliminary injunction—imposing irreparable harm on Proposed Intervenors' members, as well as countless other transgender people and women throughout the country—while blocking Proposed Intervenors' diligent efforts to obtain a ruling on intervention. Now, after the district court has granted Plaintiffs' motions for preliminary injunction and denied Proposed Intervenors' motion for intervention as of right, Plaintiffs' meritless obstruction continues.

Plaintiffs argue that the Court lacks jurisdiction over Proposed Intervenors' appeal from the denial of intervention as of right because the district court has not issued a ruling on permissive intervention. To the contrary, it is black letter law that a denial of intervention as of right is a final order subject to immediate appeal, and that the time to appeal starts to run as soon as the order is entered. Plaintiffs identify no applicable authority to support their contention that the district court's failure to rule on permissive intervention either deprives this Court of jurisdiction to review an order denying intervention as of right or tolls the deadline to appeal such an order.

Plaintiffs also argue that, because Proposed Intervenors are not yet parties, this Court lacks jurisdiction over Proposed Intervenors' protective appeal from the district court's preliminary injunction order. But Proposed Intervenors filed the protective notice of appeal simply to preserve their right to challenge the preliminary injunction in case intervention is resolved after the March 1 deadline to appeal has run. Plaintiffs do not even attempt to explain why this common-sense procedural protection is improper here.

This Court has jurisdiction over this appeal. Plaintiffs' motion to dismiss should therefore be denied.

# BACKGROUND

Section 1557 of the Affordable Care Act prohibits discrimination in federally financed healthcare programs and activities on the basis of race, sex, color, national origin, age, or disability. 42 U.S.C. § 18116. On May 18, 2016, the Department of Health and Human Service ("HHS") published the Final Rule, "Nondiscrimination in Health Programs and Activities," implementing Section 1557. 81 Fed. Reg. 31,376. The Final Rule states in relevant part that Section 1557's prohibition against sex discrimination includes "discrimination on the basis of pregnancy, false pregnancy, termination of pregnancy, or recovery therefrom, childbirth or related medical conditions, sex stereotyping, and gender identity." *Id.* at 31,467; 45 C.F.R. § 92.4. The Final Rule further provides that health care entities receiving HHS funds "may no longer deny or limit services based on an individual's sex, without a legitimate nondiscriminatory reason." 81 Fed. Reg. at 31,455.

On August 23, 2016, Plaintiffs brought this lawsuit challenging the Final Rule on a number of constitutional and statutory grounds. Dkt. No. 1. Proposed Intervenors—whose members include transgender people and women seeking reproductive healthcare—moved to intervene in the lawsuit on September 16, before any motions or responsive pleadings were filed. Dkt. No. 7. Plaintiffs misleadingly state that Proposed Intervenors "speculated that some of their members may be harmed if the Rule is not upheld" and "asserted an ideological interest in upholding the Rule." Mot. to Dismiss at 3. Not so. Proposed Intervenors asserted that their members have a concrete interest in protecting their rights under the Final Rule, as they are among the Rule's intended beneficiaries. Mem. of Law Supp. Mot. to Intervene at 12–13, Dkt. No. 8. The district court also found that Proposed Intervenors "have a legally protectable interest in the proceedings and that disposition of this action will impair their ability to protect members'

2

interests if not allowed to intervene, as several of their members wish to avail themselves of rights provided under the Rule." Order at 5–6, Dkt. No. 69.

On Plaintiffs' motion, and over Proposed Intervenors' opposition, the district court extended the parties' time to respond to the intervention motion until 14 days after Defendants file their Answer. Dkt. No. 20.[1] Shortly thereafter, Plaintiffs filed motions for partial summary judgment or, in the alternative, preliminary injunction. Dkt. Nos. 22, 24. Proposed Intervenors asked the district court to stay briefing on the preliminary injunction motions and reset briefing deadlines on the motion to intervene, so that Proposed Intervenors could have an opportunity to participate as parties in preliminary injunction proceedings in the event intervention was granted. Dkt. No. 27. The district court denied the motion. Dkt. No. 32 at 6. Proposed Intervenors filed an amicus brief opposing Plaintiffs' motions for preliminary injunction. Dkt. No. 53.

On December 31, the district court issued a nationwide preliminary injunction against the Final Rule's provisions prohibiting discrimination based on gender identity and termination of pregnancy. Dkt. No. 62. On January 9, 2017, Proposed Intervenors filed a motion for ruling on intervention and stay of the preliminary injunction pending appeal. Dkt. No. 63. On January 24, the district court issued an order denying intervention as of right, denying Proposed Intervenors' request for a stay, and ordering further briefing on permissive intervention. Dkt. No. 69. Briefing on Proposed Intervenors' motion for permissive intervention completed on February 15. The district court has not yet issued a ruling on permissive intervention.

On January 30, Proposed Intervenors filed a protective appeal from the district court's preliminary injunction order, in order to preserve their right to appeal in the event intervention is resolved after the time to appeal the order has run. Dkt. No. 71. On February 2, Proposed

---

[1] On February 24, Defendants filed an unopposed motion to extend the deadline for filing their Answer to May 2, 2017. Dkt. No. 78.

3

Intervenors appealed the denial of intervention as of right. Dkt. No. 72. Shortly thereafter, Proposed Intervenors filed a motion asking this Court to stay the district court's nationwide preliminary injunction against the Final Rule, asserting that the injunction is currently imposing irreparable harm on Proposed Intervenors' members and similarly situated individuals throughout the country. On February 15, Plaintiffs filed the instant motion to dismiss this appeal.

**ARGUMENT**

I. **This Court Has Jurisdiction Over the District Court's Order Denying Intervention as of Right.**

"The denial of a motion to intervene of right is an appealable final order under 28 U.S.C. § 1291." *Edwards v. City of Houston*, 78 F.3d 983, 992 (5th Cir. 1996) (en banc); *accord, e.g.*, *City of Houston v. Am. Traffic Solutions, Inc.*, 668 F.3d 291, 293 (5th Cir. 2012); *Trans Chem. Ltd. v. China Nat'l Mach. Imp. & Exp. Corp.*, 332 F.3d 815, 821–22 (5th Cir. 2003).[2] Like any

---

[2] Other Circuit have applied the same principle. *See, e.g.*, *Pub. Serv. Co. of N.H. v. Patch*, 136 F.3d 197, 204 (1st Cir. 1998) ("The district court's denial of a motion for intervention as of right lays the foundation for an immediate appeal."); *N.Y. Pub. Interest Research Grp., Inc. v. Regents of Univ. of State of N.Y.*, 516 F.2d 350, 351 n.1 (2d Cir. 1975) (per curiam) ("A denial of leave to intervene as of right is appealable to this court as an appeal from a final order." (citation omitted)); *McClune v. Shamah*, 593 F.2d 482, 485 (3d Cir. 1979) ("It has long been the law in this Circuit that when an absolute right to intervene in a lawsuit is claimed, and the claim is rejected, the order denying intervention is final and appealable." (citation and internal quotation marks omitted)); *Feller v. Brock*, 802 F.2d 722 (4th Cir. 1986) (exercising jurisdiction over the appeal of a denial of intervention as of right, even though the district court had not ruled on permissive intervention); *Purnell v. City of Akron*, 925 F.2d 941, 944 (6th Cir. 1991) ("It is fairly well established that *denial* of a motion to intervene as of right, *i.e.* one based on Rule 24(a)(2), is an appealable order." (emphasis in original)); *Robert F. Booth Tr. v. Crowley*, 687 F.3d 314, 318 (7th Cir. 2012) ("Frank immediately appealed, which is proper when a district court denies a motion for leave to intervene as of right under Fed. R. Civ. P. 24(a)."); *United Sates v. Metro. St. Louis Sewer Dist.*, 569 F.3d 829, 833 (8th Cir. 2009) ("The denial of a motion to intervene of right is immediately appealable as a final judgment, and our review is de novo.") (citations omitted)); *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998) ("A district court's denial of a motion for intervention as of right is an appealable 'final decision.'" (citation omitted)); *EEOC v. PJ Utah, LLC*, 822 F.3d 536, 539 (10th Cir. 2016) ("We have appellate jurisdiction to immediately review the denial of Mr. Bonn's motion to intervene as of right, and our review is de novo."); *Sellers v. United States*, 709 F.2d 1469, 1471 (11th Cir. 1983) (per curiam) ("The

other final order, an order denying intervention as of right must ordinarily be appealed within the prescribed time period, or the proposed intervenor risks forfeiting appellate review altogether. *See, e.g.*, *Alt. Research & Dev. Found. v. Veneman*, 262 F.3d 406, 410 (D.C. Cir. 2001) (per curiam) (stating that a district court's denial of a "motion to intervene as of right is an independently appealable, final order," and noting that "entry of final order starts time period for filing notice of appeal as to that order").

Despite the overwhelming weight of authority expressly stating that this Court has jurisdiction to review a denial of intervention as of right, Plaintiffs argue that this Court lacks jurisdiction over this appeal because the district court has not yet issued a ruling on Proposed Intervenors' alternative motion for permissive intervention under Rule 24(b). But this argument mixes apples and oranges. As this Court has made clear, its jurisdiction to review denials of intervention as of right rests on an entirely different foundation than its jurisdiction to review denials of permissive intervention. *See Trans Chem.*, 332 F.3d at 821 ("Appellate jurisdiction over orders denying relief under Rule 24 varies depending on whether relief is sought under Rule 24(a) or Rule 24(b). . . . [T]his Court must consider its jurisdiction in each context."); *accord Bhd. of R.R. Trainmen v. Baltimore & O.R. Co.*, 331 U.S. 519, 524–25 (1947). This Court's jurisdiction to review the district court's order denying intervention as of right therefore does not depend on the status of Proposed Intervenors' alternative motion for permissive intervention.

*Feller v. Brock*, 802 F.2d 725 (4th Cir. 1986), illustrates the point. There, a number of individuals moved to intervene as defendants in a lawsuit over a Department of Labor regulation. *Id.* at 725. Although the proposed intervenors moved for both intervention as of right and

---

denial of a Rule 24(a) motion is a final appealable order."); *Smoke v. Norton*, 252 F.3d 468, 470 (D.C. Cir. 2001) ("The settled rule is that the denial of intervention as of right is an appealable final order because it is conclusive with respect to the distinct interest asserted by the movant." (citation and internal quotation marks omitted)).

permissive intervention, the district court denied only the motion to intervene as of right, on the ground that the Department of Labor could adequately represent the proposed intervenors' interests. *Id.* at 725–26, 729 & n.8. The Fourth Circuit expressly noted the absence of any ruling on the proposed intervenors' alternative motion for permissive intervention, but nevertheless exercised appellate jurisdiction and reversed the district court's denial of intervention as of right. *Id.* at 729 & n.8, 730. So too here, the fact that the district court has not yet issued a ruling on permissive intervention does not deprive this Court of jurisdiction to adjudicate the order denying intervention as of right.

Unable to identify a single case that directly supports their position, Plaintiffs instead cite two decisions that have no bearing on this appeal. Plaintiffs rely principally on the Supreme Court's decision in *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370 (1987). But that case is the polar opposite of this one. There, the Supreme Court held that a proposed intervenor could not take an interlocutory appeal from the denial of its motion to intervene as of right where the district court *simultaneously granted* its motion for permissive intervention. 480 U.S. 370, 375 (1987). As the Court pointed out, "[a]n intervenor, whether by right or by permission, normally has the right to appeal an adverse final judgment by a trial court," including "all interlocutory and final orders that affect him." *Id.* at 375–76 (citation and internal quotation marks omitted). Thus, because the proposed intervenor in that case had been made "a party to the suit by virtue of its permissive intervention, it [could] obtain effective review of its claims [regarding intervention as of right] on appeal from the final judgment." *Id.* at 375. Here, by contrast, Proposed Intervenors are not yet parties to the litigation, and it is therefore unclear whether they will be able to obtain effective review regarding the denial of their motion to

intervene as of right on appeal from the final judgment. This appeal may therefore be Proposed Intervenors' only vehicle for challenging the denial of their motion to intervene as of right.[3]

Plaintiffs' reliance on *United States v. City of Milwaukee* is similarly misplaced. There, the district court expressly denied a motion to intervene without prejudice, explaining that the proposed intervenor had failed to submit the pleading required under Federal Rule of Civil Procedure 24(c). 144 F.3d 524, 527 (7th Cir. 1998). Although the district court invited the proposed intervenor to re-file his motion in compliance with the Federal Rules, the proposed intervenor instead appealed the decision. *Id.* at 528. Observing that "[t]he district court plainly expressed its intent not to reach the merits of the motion to intervene until it was properly presented," the Seventh Circuit concluded that the decision "did not resolve definitively whether [the proposed intervenor] ought to be allowed to intervene in this litigation and is therefore not a final decision." *Id.* at 528–29. The court explained that "the circumstances would be different" if it were reviewing "a decision on the merits of a motion to intervene," even if the denial of intervention on the merits were similarly without prejudice. *See id.* at 531 n.14. Here, the district court has issued a ruling on the merits of Proposed Intervenors' motion for intervention as of right. The decision is therefore appropriate for this Court's review.

---

[3] It is not clear that this Court would have jurisdiction to review the district court's January 24 order denying intervention as of right on appeal from a subsequent district court order denying permissive intervention. "[I]f a motion for permissive intervention is denied, this Court operates under an 'anomalous rule' that provides jurisdiction only to consider whether the district court abused its discretion denying the motion. If it did, the Court retains jurisdiction and must reverse; if it did not, the Court must dismiss for lack of jurisdiction." *Trans Chem.*, 332 F.3d at 821–22. In other words, this Court has jurisdiction over an appeal from a district court order denying permissive intervention only if the district court abuses its discretion. Moreover, even if this Court could exercise jurisdiction over a subsequent appeal from a denial of permissive intervention, Proposed Intervenors may become time barred from challenging the district court's January 24 order denying intervention as of right. *See Alt. Research & Dev. Found.*, 262 F.3d at 410.

Finally, all the elements of the collateral order doctrine are met here. *See Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978). First, the district court's order "conclusively determine[s] the disputed question" of whether Proposed Intervenors are entitled to intervene as of right. *Id.*; *see Feller*, 802 F.2d at 729 & n.8, 730 (reviewing the district court's denial of intervention as of right, even though the district court had not ruled on permissive intervention ). Second, the order "resolves an important issue completely separate from the merits of the action, since the right to participation by [Proposed Intervenors] in this lawsuit is unrelated to their" defense of the Final Rule. *Purnell*, 925 F.2d at 945. Third, the order is "effectively unreviewable on appeal from a final judgment because [Proposed Intervenors] are presently not a party to the case." *Id. Cf. Stringfellow*, 480 U.S. at 375 (assuming, *arguendo*, that the district court order "conclusively determined [the proposed intervenor's] right to intervene, and that the intervention issue is completely separate from the merits of the underlying action," but concluding that the third factor was not satisfied because the proposed interview "is now a party to the suit by virtue of its permissive intervention" and "can obtain effective review of its claims on appeal from the final judgment").

If this Court prefers—as a matter of prudence—to await the district court's ruling on permissive intervention before adjudicating Proposed Intervenors' appeal, Proposed Intervenors respectfully request that the Court hold briefing on intervention in abeyance and issue a writ of mandamus directing the district court to rule immediately on permissive intervention. In *Texas v. United States*, this Court recently observed that "[i]f a district court unreasonably delays in ruling on a motion, mandamus relief requiring a prompt ruling may be available." --- Fed. App'x ----, No. 16-11534, 2017 WL 543266, at *1 n.2 (5th Cir. Feb. 9, 2017) (per curiam). As discussed in Proposed Intervenors' stay motion, the nationwide preliminary injunction is already imposing

irreparable harm on transgender people and women throughout the country, including Proposed Intervenors' members. Mot. for Stay of Preliminary Injunction at 11–14. Proposed Intervenors moved to intervene early in these proceedings to prevent precisely these sorts of harms. But the district court did not rule on the motion to intervene as of right until several weeks after it granted the nationwide preliminary injunction, and the court still has yet to rule on Proposed Intervenors' request for permissive intervention. As a result, Proposed Intervenors have already been denied any opportunity to participate as parties in preliminary injunction proceedings before the district court, and now risk losing the opportunity to obtain timely appellate review of the nationwide preliminary injunction. Mandamus is warranted to prevent delay from further prejudicing Proposed Intervenors.

## II. Proposed Intervenors Properly Filed a Protective Notice of Appeal from the District Court's Preliminary Injunction Order.

The deadline to appeal the district court's nationwide preliminary injunction is March 1. Justly concerned that intervention might not be finally resolved by then, Proposed Intervenors filed a protective notice of appeal. Proposed Intervenors expressly stated that they filed the protective notice of appeal in order to preserve their right to appeal in case intervention is resolved after the March 1 deadline. Dkt. No. 71. Courts have recognized that such protective appeals are entirely appropriate. *See, e.g.*, *Perry v. Schwarzenegger*, 630 F.3d 898, 902–03 (9th Cir. 2011) (per curiam) ("As is proper when a putative intervenor wishes to press an appeal on the merits, Movants filed a notice of appeal from the order denying their motion to intervene, and a protective notice of appeal from the district court's order on the merits of Proposition 8's constitutionality."); *Solid Waste Agency of N. Cook Cnty. v. U.S. Army Corps of Eng'rs*, 101 F.3d 503, 509 (7th Cir. 1996) ("Were the application [for intervention] denied shortly before the expiration of the time for appeal, or not acted upon until the time had expired, the would-be

9

intervenor could nevertheless protect himself by filing a notice of appeal conditional on the court of appeals' granting the application to intervene."); *cf. Mausolf v. Babbitt*, 125 F.3d 661, 666 (8th Cir. 1997) ("A contrary rule would prevent a prospective intervenor who successfully appeals the district court's denial of his intervention motion from securing the ultimate object of such motion—party status to argue the merits of the litigation—if, as was the case here, the appellate court does not resolve the intervention issue prior to the district court's final decision on the merits.").

The circumstances here thus bear little resemblance to this Court's recent decision to dismiss a non-party appeal in *Texas v. United States*. There, the appellant argued that "[w]here a non-party is injured or directly aggrieved by an appealable order issued by the district court, the nonparty may appeal it without formally moving to intervene." 2017 WL 543266, at *2 (alteration in original) (internal quotation marks omitted). Here, Proposed Intervenors are not currently asking the Court to adjudicate any non-party appeal of the preliminary injunction order. That said, Plaintiffs have not shown that Proposed Intervenors should be foreclosed from pursuing a non-party appeal if intervention is ultimately denied. Proposed Intervenors filed a timely motion to intervene in this litigation and have worked diligently to litigate their request; they participated as fully as allowed in preliminary injunction proceedings before the district court; their members are being irreparably harmed by the nationwide preliminary injunction; and, if they are not ultimately allowed to appeal, this Court may "not be able to consider the arguments that their well-being will be adversely affected by the ruling." *Sanchez v. R.G.L.*, 761 F.3d 495, 502–03 (5th Cir. 2014) (holding that unsuccessful intervenors had non-party standing to appeal an order requiring their return to Mexico). In any event, there is no need for this Court to decide the issue now.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to dismiss the appeal should be denied.

Respectfully submitted this 27th day of February, 2017.

| | |
|---|---|
| Rebecca L. Robertson<br>AMERICAN CIVIL LIBERTIES<br>UNION OF TEXAS<br>P.O. Box 8306<br>Houston, TX 77288<br>(713) 942-8146 | /s/Brigitte Amiri<br>Brigitte Amiri<br>Brian Hauss<br>Joshua Block<br>James D. Esseks<br>Louise Melling<br>AMERICAN CIVIL LIBERTIES<br>UNION FOUNDATION |
| Kali Cohn<br>AMERICAN CIVIL LIBERTIES<br>UNION OF TEXAS<br>P.O. Box 600169<br>Dallas, TX 75360<br>(214) 346-6577 | 125 Broad Street, 18th Floor<br>New York, NY 10004<br>(212) 549-2500 |
| Daniel Mach<br>AMERICAN CIVIL LIBERTIES<br>UNION FOUNDATION<br>915 15th Street, N.W.<br>Washington, D.C. 20005<br>(202) 548-6604 | Amy Miller<br>AMERICAN CIVIL LIBERTIES<br>UNION OF NEBRASKA<br>134 S. 13th St., #1010<br>Lincoln, NE 68508<br>(402) 476-8091 |

*Counsel for Proposed Intervenors*

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2017, this document was: served upon all registered CM/ECF users via the via the Court's CM/ECF Document Filing System; and transmitted to Mr. Lyle W. Cayce, Clerk of the United States Court of Appeals for the Fifth Circuit, via the Court's CM/ECF Filing System.

/s/Brigitte Amiri  
Brigitte Amiri