# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

No. 17-10135

_____

A True Copy
Certified order issued Jun 30, 2017

*Tyle W. Cayce*

Clerk, U.S. Court of Appeals, Fifth Circuit

FRANCISCAN ALLIANCE, INCORPORATED; CHRISTIAN MEDICAL
AND DENTAL SOCIETY; SPECIALTY PHYSICIANS OF ILLINOIS, L.L.C.;
STATE OF TEXAS; STATE OF WISCONSIN; STATE OF NEBRASKA;
COMMONWEALTH OF KENTUCKY, By and Through Governor Matthew
G. Bevin; STATE OF KANSAS; STATE OF LOUISIANA; STATE OF
ARIZONA; STATE OF MISSISSIPPI, By and Through Governor Phil Bryant,

Plaintiffs - Appellees

v.

NORRIS COCHRAN, Acting Secretary of the United States Department of
Health and Human Services; Et Al

Defendants

AMERICAN CIVIL LIBERTIES UNION OF TEXAS; RIVER CITY GENDER
ALLIANCE,

Movants - Appellants

_____

Appeal from the United States District Court for the
Northern District of Texas, Wichita Falls

_____

Before OWEN, ELROD, and COSTA, Circuit Judges.

PER CURIAM:

Appellants filed a motion in the district court requesting intervention under Fed. R. Civ. P. 24(a) (intervention as of right) and (b) (permissive intervention). The district court denied appellants' motion to intervene as of right, but has not yet ruled on the motion for permissive intervention. Accordingly, because the district court has not conclusively resolved the intervention issue, IT IS ORDERED that appellees' motion to dismiss appellants' appeal from the denial of intervention as of right is GRANTED. *See Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 375–77 (1987) (citing *Railroad Trainmen v. Baltimore & Ohio R. Co.*, 331 U.S. 519, 524–25 (1947)); *see also United States v. Milwaukee*, 144 F.3d 524, 527–29 (7th Cir. 1988).

IT IS FURTHER ORDERED that appellees' motion to dismiss appellants' protective appeal from the preliminary injunction order is DENIED. *See generally* 15A Charles Alan Wright, et al., Fed. Prac. & Proc. § 3902.1 (2d ed).

IT IS FURTHER ORDERED that appellants' motion to sever cases 17-10135 and 17-10151 is GRANTED.

IT IS FURTHER ORDERED that appellants' motion to stay briefing on the protective appeal from the preliminary injunction order is GRANTED.

IT IS FURTHER ORDERED that appellees' motion to stay briefing is DENIED AS MOOT.

IT IS FURTHER ORDERED that because appellants have not been granted intervention and are not parties to this case, we lack jurisdiction to adjudicate the merits of the protective appeal from the preliminary injunction order. Accordingly, appellants' motion for a stay of the preliminary injunction order pending appeal is DENIED without prejudice to appellants reasserting the motion if they become parties to the case. *See Texas v. United States*, —F. App'x—, 2017 WL 543266, at *1–3 (5th Cir. Feb. 9, 2017) (dismissing putative intervenor's non-protective notice of appeal) (citing, *inter alia*, *Edwards v. City of Houston*, 78 F.3d 983, 993 (5th Cir. 1996)).

GREGG COSTA, Circuit Judge, specially concurring:

The true measure of our adversarial system of justice is not the results of cases, but whether the parties affected by those results had a full and fair opportunity to make their case to an impartial court. Motions to intervene ask a question preliminary even to that fundamental one: whether a party has a right to be heard. So prompt trial court resolution of motions to intervene is important. When a timely motion to intervene is not ruled on before the district court decides the merits question on which intervention is sought, the movant is effectively denied the right to be heard it is seeking. Failing to rule on the intervention motion also prevents the putative intervenor from seeking appellate review of whether it has a right to participate.[1] And for cases in which a losing party may not want to appeal, delay in ruling on intervention also insulates the district court's merits rulings from appellate scrutiny for as long as the delay lasts. Prompt trial court resolution of intervention motions thus would prevent the procedural quagmire in which these two appeals find themselves. *Cf. Davis v. Lifetime Capital, Inc.*, 560 F. App'x 477, 491 (6th Cir. 2014) ("Had the lower court resolved the motion to intervene more promptly, the disruptive effect on nearly concluded proceedings would have been substantially less.").

Yet the motion to intervene sought by organizations defending the nondiscrimination regulation has lingered for more than nine months without final resolution. What remains is only the request for permissive intervention, a largely discretionary inquiry that does not require the time-consuming review of a record that many motions in the trial courts do. The time required to decide such a request typically pales in comparison to the time devoted to a merits question, like the preliminary injunction motion in this case. On that

---

[1] Mandamus is the one potential avenue for a movant that is facing undue delay in a trial court's resolution of its request.

request for an injunction, the district court speedily ruled given the importance of this case in which a nationwide injunction has issued on a question of great public interest with strong passions on both sides.

Those same interests warrant similar diligence for the long-pending motion to intervene. The proposed intervenors did everything they were supposed to in their attempt to have a say in this case. They filed the motion to intervene in defense of the regulation just 24 days after the lawsuit was filed. Indeed, the motion for intervention was the first filing in this case after the complaint and accompanying documents. *See* 7C Charles Alan Wright & Arthur Miller, FED. PRAC. & PROC. CIV. § 1916 (3d ed.) (noting motions to intervene must be "timely" and that a motion "made before the existing parties have joined issue in the pleadings has been regarded as clearly timely"). That was 35 days before the motion for a preliminary injunction was filed and 95 days before the district court held a hearing on the injunction. Six months after the injunction issued, the motion to intervene remains unresolved despite persistent requests for a prompt ruling. Whatever the ultimate outcome of this case, those seeking intervention deserve to be heard on whether they have a right to be heard.